```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA


CORNELIUS TUCKER, JR.,        )
                              )    Civil Action No. 05-1085
          Plaintiff,          )
                              )    Judge Terrence F. McVerrey
     v.                       )    Magistrate Judge Lenihan
                              )
DARRELL HARPER, et al.        )
                              )
                              )
          Defendants.         )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.      **RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed due to Plaintiff's failure to prosecute this action.

II.     **REPORT**

Plaintiff, Cornelius Tucker, Jr., commenced this action pursuant to the rule announced in <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), wherein the Supreme Court recognized a cause of action for damages against a federal agent when, acting under color of his authority, he violated an individual's constitutional rights. Named as Defendants are various federal agents and employees.

A.      **Relevant Procedural History**

On August 4, 2005, Plaintiff filed a Motion to Proceed <u>In Forma Pauperis</u>, which this Court granted on September 20, 2005. On October 8, 2005, this Court ordered Plaintiff to file an amended complaint in compliance with the Federal Rules Of Civil Procedure

1

by November 4, 2005 (dkt. no. 4).  On November 14, 2005, Plaintiff filed a change of address listing a North Carolina address (dkt. no. 5).  On December 1, 2005, this Court issued another Order requiring Plaintiff to file an amended complaint by December 21, 2005 (dkt. no. 6).  After Plaintiff failed to respond, on June 1, 2006, this Court ordered him to show cause why his Complaint should not be dismissed for failure to prosecute.  To date, Plaintiff has failed to respond to this Court's Orders and has failed to do anything to actively prosecute his action.

**B.        Plaintiff's Failure to Prosecute**

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

      (6)    the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. <u>Hoxworth v. Blinder, Robinson & Co.</u>, 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should grant the Defendant's motion to dismiss based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding <u>pro se</u> in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to respond to this Court's orders to pay the filing fee or file a motion to proceed <u>in forma pauperis</u>. With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- other than the expense of filing a motion seeking dismissal of the case, there appears to be no specific prejudice to the Defendants other than general delay. With respect to the third factor, Plaintiff has failed to respond to any of the Court's orders. Plaintiff has not filed any response to date; nor has he filed any motion for an extension of time. Thus, he has shown

3

dilatoriness in proceeding with his action. With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. Because Plaintiff has not even paid the filing fee or motion to proceed <u>in forma pauperis</u>, it does not appear that monetary sanctions are appropriate. Finally, this Court cannot determine whether Plaintiff has any likelihood of success on the merits because his Complaint is illegible; hence, the orders to file an amended complaint.

### III.     CONCLUSION

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


 /s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated:    July 24, 2006

cc:       The Honorable Terrence F. McVerry
          United States District Judge

          CORNELIUS TUCKER, JR.
          1300 Western Boulevard
          Raleigh, NC 27606